IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-40072-TLS |
| | ) | |
| DENNIS D. OSTENDORF, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on March 16, 2011, on a motion for turnover (Fil. #19) filed by Philip M. Kelly, the Chapter 7 trustee, and an objection (Fil. #20) filed by Debtor. Philip M. Kelly appeared as the Chapter 7 trustee, and Stacy C. Nossaman-Petitt appeared for Debtor.

At the commencement of Debtor's Chapter 7 bankruptcy case, Debtor and his non-filing spouse jointly owned 700 shares of Cabela's Inc. stock. The trustee has filed a motion asking that the shares be turned over to the trustee and that Debtor also be required to turn over any nonexempt portion of his 2010 income tax refund. Debtor does not contest the motion with respect to the income tax refund, but does object to the motion for turnover of the stock.

Apparently, the Cabela's stock price has increased significantly since the date of bankruptcy filing.[1] At some point after bankruptcy filing, Debtor and his spouse sold 230 shares of the Cabela's stock and tendered a check to the trustee in the amount of $5,673.50 representing the value of 350 shares based on the stock price as of the date of bankruptcy filing.

The trustee argues that since the 700 shares of stock were jointly owned by Debtor and his spouse, Debtor is required to turn over to the trustee half of the shares (350 shares). Debtor and his spouse still own at least 350 shares, and those shares have a value currently exceeding the $5,673.50 tendered by Debtor.

11 U.S.C. § 542 governs turnover of property to the estate. Subsection (a) provides:

> [A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Debtor asserts that he has turned over to the trustee the "value of such property" by tendering a check in the amount of the value of 350 shares of the Cabela's Inc. stock based on the share price

---

[1] On the date of bankruptcy filing, the market value of the stock was $16.21 per share and the parties assert that the stock is now worth approximately $26.00 per share.

as of the date of bankruptcy filing. However, this bankruptcy case was filed in January 2010. Debtor's position would appear to be meritorious had Debtor tendered such amount promptly upon commencing the bankruptcy case. Instead, Debtor did not make the tender until February 2011, more than a year after filing.[2] The value of the stock at that point in time far exceeded the value on the date of bankruptcy filing. A post-petition increase in the value of property of the bankruptcy estate belongs to the estate. *Gonzalez v. Steffien (In re Steffien)*, 415 B.R. 824, 829-30 (Bankr. D.N.M. 2009) (holding that a post-petition conveyance of a life estate interest merged with the debtor's vested remainder interest in real property, giving the debtor – and therefore the estate – a more valuable fee simple interest in the property).

11 U.S.C. § 542 is clear. Debtor was required to turn over the "property"; that is, the shares of stock. Since it appears the shares were jointly owned, the trustee would need to proceed under 11 U.S.C. § 362(b) and (h) to sell the shares. The statutory procedure is there for the trustee to do so. Debtor has attempted to thwart the trustee's efforts by selling some of the stock and paying the estate less than the current value thereof. By doing so, Debtor has ignored the fact that only the trustee has the right to determine, with court approval, whether and when to sell the property.

IT IS, THEREFORE, ORDERED that the trustee's motion for turnover (Fil. #19) is granted.

DATED:  March 23, 2011.

                                        BY THE COURT:

                                        /s/ Thomas L. Saladino
                                        Chief Judge

Notice given by the Court to:
    *Philip M. Kelly
    Stacy C. Nossaman-Petitt
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[2]In fact, it appears that Debtor sold the shares of stock without authority of the court, or even the trustee, to do so.